IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HITACHI KOKI CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-cv-01504 (ESH) |
| JON W. DUDAS, Director, United States Patent And Trademark Office | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION
FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFF'S SUMMARY JUDGMENT MOTION**

Defendant Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), hereby files his Reply in Support of his Motion for Summary Judgment and his Opposition to Plaintiff's Summary Judgment Motion.

In its response in opposition to defendant's motion for summary judgment and its motion for summary judgment, plaintiff, Hitachi Koki Co. Ltd ("Hitachi") makes arguments that were previously not presented to the USPTO and attempts to introduce into evidence declarations that were never introduced or considered at the administrative level. Plaintiff does so because the undisputed facts demonstrate that the conclusion of the Board of Patent Appeals and Interferences (the "Board"), that plaintiff's patent was not patentable because it was obvious, is supported by substantial evidence and should therefore be affirmed by the Court. And, because the materials that plaintiff now seeks to submit to this Court in the first instance were not before

the USPTO or the Board at any time during the administrative proceedings, there is simply no justification for the Court to consider them at this late date.

## I. PRELIMINARY STATEMENT

In 2005, a USPTO examiner rejected plaintiff's representative claim 1 for obviousness, under 35 U.S.C. § 103, in view of plaintiff's prior art admissions and the following prior art references: Ito, Johnson, Langworthy and Ambrosio. At no time during the administrative proceedings did plaintiff submit any declarations or other evidence countering the examiner's findings on the pending question of obviousness. Instead, plaintiff appealed the examiner's obviousness decision to the USPTO Board of Patent Appeals and Interferences and filed briefs contesting the examiner's decision.

In 2006, the Board affirmed the examiner's obviousness decision in view of plaintiff's prior art admissions, Ito, Johnson, Langworthy and Ambrosio. Plaintiff did not attempt to submit declaration evidence at that juncture *either*. Instead, plaintiff requested reconsideration by the Board and made three short arguments, none of which included many of the arguments plaintiff now attempts to assert before this Court. In 2007, the Board, after rejecting each of plaintiff's arguments, denied plaintiff's request for reconsideration. Plaintiff did not attempt to submit declaration evidence then *either*. Instead, plaintiff brought suit against the USPTO in this Court.

Now, in 2008, plaintiff offers to this Court for admission into evidence four declarations, not previously-offered to the USPTO. It is clear under prevailing case law that plaintiff has now waived its right to submit these declarations since it had the opportunity to have them considered at the administrative level but failed to submit them. Plaintiff has offered no competent legal justification for its delay. Although an action brought under 35 U.S.C. § 145 may involve new

evidence in *limited instances*, *i.e.*, such as presenting the declarant of a declaration that had been submitted to the USPTO to give live testimony in court, plaintiff has not met its burden of showing that it permissibly delayed in offering its declarations from 2005 (the time of the examiner's rejection) until now.  This is an issue that has been previously considered, and decided in defendant's favor, by another member of this Court.  *See, e.g.*, *Hyatt v. Dudas*, No. Civ.A. 03-901, 2005 WL 5569663 (D.D.C. 2005), *reconsideration denied*, 2006 WL 4606037 (D.D.C. 2006) *appeal pending*, 07-1066 (Fed. Cir.) (oral argument scheduled for April 7, 2008).[1/]  For the reasons given by this Court in *Hyatt*, plaintiff's declarations offered in this case should not be considered by the Court.

With the improperly submitted evidence disregarded, it is clear that the Board's obviousness conclusion is supported by the substantial evidence that is contained in the administrative record that was before the Board at the time it rendered its decision.[2/]

## II.  ARGUMENT

**A.    Patent Applicants Are Only Permitted to Submit New Evidence Not Previously Submitted to the USTPO Before the Court in Very Limited Circumstances Which Are Not Present in This Case.**

Plaintiff seeks to introduce four declarations that were never previously submitted before the USPTO.  This is not something plaintiff can do as easily as it has attempted to do here.  A

---

[1/]    Since the issues presented in *Hyatt* are similar to those presented to this Court, defendant will advise the Court of any decision rendered in that appeal.

[2/]    While defendant contends that plaintiff's newly submitted declarations, and any arguments stemming therefrom, should not be considered by the Court, if the Court is inclined to consider such evidence, defendant may then respectfully request that he be permitted the opportunity to retain his own experts and/or conduct any further discovery to enable him to meaningfully respond to plaintiff's arguments.  Defendant again notes that the costs of any experts he may designate will be borne by plaintiff. 35 U.S.C. § 145.

civil action brought under 35 U.S.C. § 145 "may not be conducted in disregard of the general policy of encouraging full disclosure to administrative tribunals." *California Research Corp. v. Ladd*, 356 F.2d 813, 820 n.18 (D.C. Cir. 1966) (citations omitted). Disclosure first to the USPTO is needed "since the application of Patent Office expertise in the first instance may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition." *DeSeversky v. Brenner*, 424 F.2d 857, 858 (D.C. Cir. 1970). *See also MacKay v. Quigg*, 641 F. Supp. 567, 570 (D.D.C. 1986) (precluding the presentation of new issues "promotes judicial economy"). "[T]he policy of encouraging full disclosure to administrative tribunals has led courts to limit the admissibility of certain kinds of evidence in [§ 145] actions . . . . evidence has been excluded if it was available to the plaintiff during the PTO proceeding but was either intentionally or negligently withheld." *Holloway v. Quigg*, 1988 WL 141046, at *1 (D.D.C. 1988) (citations omitted).

In order to justify why declarations not previously presented during the administrative process should be considered at this juncture, this Court requires that plaintiff meaningfully demonstrate "why he failed to offer his declaration during the proceedings before the Board." *Hyatt*, 2005 WL 5569663, at *7 (excluding declaration evidence). The plaintiff must "provide[ ] a *persuasive explanation* for why he withheld that information." *Hyatt*, 2006 WL 4606037, at *3 (emphasis added). Plaintiff has failed to provide any meaningful explanation regarding its failure to introduce its declarations at the administrative level.

### 1. Plaintiff Had Full Notice of the Grounds for the Board's Decision.

Hitachi argues in its response in opposition to defendant's motion for summary judgment that it did not have a need to present its newly minted declarations during the administrative

4

proceedings. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 7. Specifically, plaintiff contends:

> [T]he PTO's grounds for rejection of pending claim 1 . . . continuously changed . . . even during the appeal before the Board. . . . Langworthy and Ambrosio were 'new grounds' for rejection and, as such, Hitachi must be allowed the opportunity to respond. . . . at each stage of the prosecution, Hitachi thought the cited rejections had been overcome and had no need to introduce the evidence in the manner and form in which it is being presented in this venue. . . . *until the Board's decision, there was never a clear statement of rejection that had not been previously overcome.*

*Id.* at 7-8 (emphasis added). Plaintiff's argument in unavailing. In *Hyatt*, the plaintiff made the same argument in support of the admission of new evidence that plaintiff makes here, *i.e.*, that the USPTO Board entered "new grounds of rejection" different from the examiner. *Hyatt*, 2005 WL 5569663, at *3, *7. This Court flatly rejected that excuse, holding that there was no new ground entered by the Board and the plaintiff should have submitted its declaration evidence to the examiner or Board, and had thereby waived its right to submit the evidence later. *Id.* Plaintiff's argument in this case is just as baseless as the argument made to, and rejected by, the court in Hyatt. *See Hyatt*, 2005 WL 5569663, at *6 ("After closely comparing the Examiner's rejections with the Board's rejections, the court concludes that the 'thrust' of the Board's written description rejections are the same as those of the Examiner" and thereby not new grounds to possibly justify the belated submission of evidence).

Similar to *Hyatt*, the Board's grounds of decision in the present case were first entered by the examiner. In his initial decision, the examiner entered multiple rejections of representative claim 1 under 35 U.S.C. § 103. Ex. 9 (examiner decision dated February 9, 2005) at 2-8. Specifically, in his February 9, 2005 decision, the examiner entered the following rejections for

5

claim 1 under § 103:

>   (1)   plaintiff's admissions on the prior art, Johnson, Langworthy and Ambrosio - Ex. 9 at 2-4;
>
>   (2)   Ito, Johnson, Langworthy and Ambrosio - Ex. 9 at 6-8; and
>
>   (3)   Bergler, Johnson, Langworthy and Ambrosio - Ex. 9 at 4-6.

In each of the three separate grounds of rejection, the examiner made pertinent findings of fact and conclusions of law. *See* Ex. 9 at 3-4 (discussing "Applicant's admitted prior art," "Johnson," "Langworthy" and "Ambrosio" in the context of obviousness); at 6-8 (discussing "Ito," "Johnson," "Langworthy" and "Ambrosio" in the context of obviousness); at 4-6 (discussing "Bergler," "Johnson," "Langworthy" and "Ambrosio" in the context of obviousness). Also, in responding to plaintiff's non-obviousness arguments, the examiner's decision further discusses plaintiff's admissions on the prior art, Johnson, Langworthy, Ambrosio, Ito and Bergler, as to § 103 (obviousness). Ex. 9 at 9-11. Thus, the above three obviousness grounds were spelled out and clearly present in the examiner's February 9, 2005 decision.

After plaintiff appealed the examiner's rejections to the Board, the examiner filed a responsive brief, entitled "examiner's answer." Ex. 10. In the examiner's answer, the examiner continued to maintain the same obviousness grounds as to representative claim 1. Ex. 10 at 3-10. Specifically, the examiner discussed the same three rejections:

>   (1)   plaintiff's admissions on the prior art, Johnson, Langworthy and Ambrosio - Ex. 10 at 3-5;
>
>   (2)   Ito, Johnson, Langworthy and Ambrosio - Ex. 10 at 8-10; and

    (3)  Bergler, Johnson, Langworthy and Ambrosio
       - Ex. 10 at 5-8.

In responding to plaintiff's brief to the Board, the examiner's answer further addresses plaintiff's admissions on the prior art, Johnson, Langworthy, Ambrosio, Ito and Bergler. Ex. 10 at 10-18. Thus, the original three obviousness grounds were restated in the examiner's answer.

The Board affirmed obviousness grounds (1) and (2), and dismissed ground (3). Specifically, the Board stated:

> \*\*\*\*
>
> Accordingly, we affirm the examiner's rejections of:
>
> Claims 1-3, 26, 27, 37, 48-56 and 58-62 under 35 U.S.C. § 103(a) as being unpatentable for obviousness in view of 'Prior Art' Figure 6, 'Prior Art' Figure 7, and the 'Description of the Prior Art' at column 1, lines 11-33, in Appellant's own U.S. Patent 5,425,294; and the prior art disclosures of Johnson, U.S. Patent 4,574,670, issued March 11, 1986; Langworthy, U.S. 1,417,669, issued May 30, 1922; and Ambrosio, U.S. Patent 3,013,592, issued December 19, 1961; and
>
> Claims 1-3, 26, 27, 37, 48-56 and 58-62 under 35 U.S.C. § 103(a) as being unpatentable for obviousness in view of the combined teachings of Ito, U.S. Patent 5,357,834, which issued October 25, 1994, from U.S. Application 08/063,289, filed May 18, 1993, Johnson, Langworthy, and Ambrosio.
>
> We dismiss the rejection of Claims 1-3, 26, 27, 37, 48-56 and 58-62 under 35 U.S.C. § 103(a) as being unpatentable for obviousness in view of the combined teachings of Bergler, U.S. Patent 4,531,441, issued July 30, 1985, Ito, Johnson, Haffner, Langworthy, and Ambrosio as cumulative of the affirmed rejections, at best.
>
> Conclusion
>
> Having considered the merits of the examiner's rejection of Claims 1-3, 26, 27, 37, 48-56 and 58-62 for unpatentability under 35 U.S.C. § 103 in view of the prior art acknowledged in appellant's own U.S. Patent 5,425,294, Johnson, Langworthy,

>and Ambrosio; and all the evidence of record for and against the rejection, we affirm.
>
>Having considered the merits of the examiner's rejection of Claims 1-3, 26, 27, 37, 48-56 and 58-62 for unpatentability under 35 U.S.C. § 103 in view of the combined prior art teachings of Ito, Johnson, Langworthy, and Ambrosio; and all the evidence of record for and against the rejection, we affirm.

Ex. 2 at 23-24 (emphasis in original). *See also* Ex. 2 at 5 ("Bergler's teachings appear to be cumulative at best of all that the AAPA [applicant's admitted prior art] and Ito disclose" explaining dismissal of above ground (3)). In affirming the examiner's obviousness rejections, the Board's decision addressed (Ex. 2 at 5-23) plaintiff's admissions on the prior art, Ito, Johnson, Langworthy and Ambrosio, as the examiner's decision did. Accordingly, both the examiner and the Board based their decisions on the same obviousness grounds consisting of plaintiff's admissions on the prior art, Ito, Johnson, Langworthy and Ambrosio.

Most significantly, however, is the fact that plaintiff agreed the grounds were the same at the time of, and contemporaneous to, the Board's decision. That is, in its subsequent Request for Rehearing to the Board, plaintiff challenged the Board's affirmance of the examiner's obviousness grounds. Ex. 8 (Plaintiff's Request for Rehearing to the Board). Plaintiff made only three short arguments on the question of obviousness for claim 1, with *no* contention that the Board had based its decision on a new/different ground than the examiner. Ex. 8 at 1-4. Plaintiff had an opportunity to argue new grounds, but did not, likely because of the strikingly clear *conformity* of the Board's affirmance to the examiner's grounds. *See, e.g.*, *In re Kronig*, 539 F.2d 1300, 1302-03 (CCPA 1976)[3] ("the ultimate criterion of whether a rejection is

---

[3] Court of Customs and Patent Appeal holdings are precedent for the Federal Circuit. *South Corp v. United States*, 690 F.2d 1368, 1370 n.2 (Fed. Cir. 1982) (in banc).

considered 'new' in a decision by the board is whether appellants have had fair opportunity to react to the thrust of the rejection"). Thus, plaintiff's request for reconsideration – wherein it did not argue that the Board's decision was based on new grounds – resolves any remaining doubt about whether plaintiff had a "fair opportunity" within the meaning of *Kronig* to present any new evidence.[4/] The Board fully responded to plaintiff's reconsideration request. Ex. 3.

Significantly, plaintiff acknowledges that the Board's grounds are based on plaintiff's admissions on the prior art, Ito, Johnson, Langworthy and Ambrosio. *See* Plaintiff's Summary Judgment Memorandum ("Plaintiff's Memo.") at 1:

> The Board's decision erroneously made the following two rejections:
>
> a. Claims 1-3, 26, 27, 37, 48-56 and 58-62 were found unpatentable under 35 U.S.C. § 103 in view of the *acknowledged prior art* in U.S. Pat. No. 5,425,294 (Figures 6, 7 and Col. 1:11-33) (the "AAPA") as modified by the teachings of U.S. Pat. No. 4,574,670 to *Johnson* ("Johnson"), U.S. Pat. No. 1,417,669 to *Langworthy* ("Langworthy") and U.S. Pat. No. 3,013,592 to *Ambrosio* ("Ambrosio").
>
> b. Claims 1-3, 26, 27, 37, 48-56 and 58-62 were found unpatentable under 35 U.S.C. § 103 over U.S. Pat. No. 5,054,352 to *Ito* et al. ("Ito") as modified by the teachings of *Johnson*, *Langworthy*, *Ambrosio*.

(Emphasis added). Thus, it is clear that plaintiff itself views the examiner's and Board's grounds as identical. Thus, plaintiff's contention that the Board's decision was on grounds different from the examiner's decision is belied by the record in this case and its attempt to introduce new evidence should be rejected. *Hyatt*, 2005 WL 559663, at *7 (holding that Board entered no new

---

[4/] *Cf. In re Kumar*, 418 F.3d 1361, 1367-68 (Fed. Cir. 2005) (applicant submitted evidence with his reconsideration request and showed that the Board's *sua sponte* particle calculations were a new ground).

9

grounds for decision and plaintiff should have submitted its declaration evidence to the examiner or the Board, and therefore waived its right to submit the evidence later before the district court); *Kronig*, 539 F.2d at 1303 (rejecting appellants' argument that the Board's decision was based on new grounds and therefore appellants "have had a fair opportunity to react to that rejection.").

      2.      **Plaintiff Was Required to Submit All Evidence Relating to the Obviousness Issue to the Board.**

Plaintiff also contends that evidence regarding "the viewpoint of one of ordinary skill in the art and objective indicia of non-obviousness are a required part of any obviousness analysis." Pl.'s Opp'n at 6. For this reason, plaintiff goes on to conclude that "a portion of the testimony and evidence offered by Hitachi through its declarants is being offered properly under Section 145." *Id.* at 7 (citing *Mazzari v. Rogan*, 323 F.3d 1000, 1004 (Fed. Cir. 2003). Plaintiff cites *Mazzari* as support for "reintroducing the same evidence through alternative means such as live testimony." Pl.'s Opp'n at 7 (citing *Mazzari*, 323 F.3d at 1004). Defendant does not disagree with this proposition. However, *Mazzari* offers no support to plaintiff's actions here because plaintiff is not attempting to reintroduce "the same evidence through an alternative means, such as live testimony[,]" as *Mazzari* permits. Rather, plaintiff here seeks to introduce evidence that was *never* presented to the USPTO during the administrative proceedings. Nowhere does *Mazzari* state that an applicant may introduce new evidence in the district court. *Mazzari* simply provides that in section 145 proceedings, the applicant is permitted to "argue *the previous evidence* afresh, either by simply relying upon the record below or by reintroducing the *same evidence* through alternative means such as live testimony." *Id.* at 1004. Thus, *Mazzari* does not support plaintiff's actions in this case.

In addition, the viewpoint of one of ordinary skill in the art was considered by the Board

at the administrative level. Notably, this viewpoint may be shown be reference to prior art, which was considered by the Board. *See, e.g., In re GPAC*, 57 F.3d 1573, 1579 (Fed. Cir. 1995) (prior art references may show the level of skill in the pertinent art); *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 163 (Fed. Cir. 1985) ("A specific finding on the level of skill in the art is not, however, required where the prior art itself reflects an appropriate level and a *need for testimony is not shown*.") (emphasis added) (citing *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 779 n.2 (Fed. Cir. 1983)). *Accord Okajima v. Bourdeau*, 261 F.3d 1350, 1355 (Fed. Cir. 2001) (quoting *Litton* with approval). Furthermore, as to obviousness, this Court has held that allegations of "commercial success and copying . . . are sub-issues of obviousness [which must] *be fully explored by the PTO before allowing new evidence in support of the sub-issue to be admitted for the first time in district court*." *MacKay*, 641 F. Supp. at 570 (emphasis added).[5/] Given that the obviousness determination was critical to both the examiner's and the Board's decisions, there is simply no excuse for plaintiff's failure to present its newly presented evidence before the USPTO.

Finally, plaintiff's declarations here (by Hatch, Katz and Hopkins) include assertions of copying by others and/or commercial success. *See also* Opp'n at 6-7 (noting "indicia of non-obviousness . . . [as] a portion of the testimony and evidence offered by Hitachi through its declarants"). However, as this Court held in *MacKay*, raising for the first time such sub-issues of obviousness is too late when the issue of obviousness had been pending previously at the

---

[5/]An exception to the foregoing bar on late-offered evidence concerns declarations that have previously been submitted to the USPTO and supplemented before the district court with, for example, live testimony. *See Mazzari*, 323 F.3d at 1004; *Fregaeu v. Mossinghoff*, 776 F.2d 1034, 1036-1037 (Fed. Cir. 1985); *MacKay*, 641 F. Supp. at 571.

USPTO:

> The Court rejects defendant's argument that commercial success and copying by others are issues 'separate' from the question of obviousness. Factual findings regarding commercial success and copying by others are secondary considerations which are a necessary part of a finding of obviousness. In short, they are sub-issues of obviousness. However, as discussed, *supra*, the need to promote full disclosure before administrative tribunals requires that even a sub-issue be fully explored by the PTO before allowing new evidence in support of the sub-issue to be admitted for the first time in district court.

*See MacKay*, 641 F. Supp. at 570 (citations omitted). As in *MacKay*, this Court should reject plaintiff's contention that the evidence sought to be introduced on the question of obviousness is admissible at this late time.

**B.    Plaintiff's New Request That This Court Consider Application Claims 2, 3, 26, 27, 37, 48-56 and 58-62, Notwithstanding The Clear Fact That Plaintiff Chose Claim 1 As Representative Before The Board, Is Similarly Barred**

At this late date, plaintiff "also seeks equity and requests that this Court consider all pending claims, 1-3, 26, 27, 37, 48-56 and 58-62." Pl's Opp'n at 9 (emphasis in original). Thus, in addition to claim 1, plaintiff asks this Court to rule on the foregoing *nineteen additional claims*, when the Board below justifiably issued no decision on any of them. Plaintiff is barred from further expanding this case into the consideration of claims other than claim 1 because plaintiff limited its Board appeal from the examiner's decision to claim 1 (stating "[t]he other claims stand or fall together with claim 1").

It is well-settled that an issue must be raised *during* an administrative agency proceeding in order to preserve that issue for later raising during judicial review. *E.g.*, *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37 (1952); *In re Watts*, 354 F.3d 1362, 1367-68 (Fed. Cir. 2004); *Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*, 54 F.3d 756, 760 (Fed. Cir. 1995);

*Hyatt*, 2005 WL 5569663, at *5 (a § 145 plaintiff is "'precluded from presenting new issues, at least in the absence of some reason of justice put forward for failure to present the issue to the Patent Office'") (quoting *DeSeversky*, 424 F.2d at 858).

Claim 1 was raised and argued by plaintiff to the Board, thereby forming an issue for proper adjudication by this Court. Specifically, in its brief to the Board, plaintiff stated:

> For the convenience of the Board, Appellant will argue the patentability of independent claim 1. The other claims stand or fall together with claim 1.

Ex. 2 at 3. In view of plaintiff's brief and argument, the Board addressed only claim 1. Ex. 2. In plaintiff's Request for Rehearing to the Board, plaintiff maintained addressing only claim 1. Ex. 8. Based on plaintiff's Request for Rehearing, the Board subsequently addressed only claim 1. Ex. 3. Thus, under the above-cited controlling caselaw, plaintiff preserved for adjudication by this Court only the obviousness determination of claim 1, and no other claim as separately argued.

Significantly, plaintiff never raised issues as to any other claim before the Board. Pl's Opp'n at 9 (admitting that "Hitachi did take the position before the Board that review should be limited to claim 1 as a representative claim"). Plaintiff voluntarily chose to employ a common practice of grouping claims when appealing an examiner's decision to the Board. *See* 37 C.F.R. § 41.37(c)(vii):

> For each ground of rejection applying to two or more claims, the claims may be argued separately or as a group. When multiple claims subject to the same ground of rejection are argued as a group by appellant, the Board may select a single claim from the group of claims that are argued together to decide the appeal with respect to the group of claims as to the ground of rejection on the basis of the selected claim alone. Notwithstanding any other provision of this paragraph, *the failure of appellant to separately*

> *argue claims which appellant has grouped together shall constitute a waiver of any argument that the Board must consider the patentability of any grouped claim separately.*

(Emphasis added). *Accord In re McDaniel*, 293 F.3d 1379, 1382-83 (Fed. Cir. 2002) (applicant must separately argue claims to prevent their grouping within a common ground of rejection); *In re Dance*, 160 F.3d 1339, 1340 n.2 (Fed. Cir. 1998) (requiring an appellant to separately argue claims for multiple claims to be addressed).

Plaintiff has no legitimate explanation that excuses its choice of strategy. Plaintiff only argues at this late date that:

> Although Hitachi did take the position before the Board that review should be limited to claim 1 as a representative claim, this position was adopted for reasons specific to the USPTO proceedings (discussed above [alleging a new ground was entered by the Board]) and cannot be taxed against Hitachi in this Court. Hitachi was placed in a cycle of an unending and ever-shifting prosecution. To break this cycle, Hitachi chose to limit certain issues before the Board to gain access to that forum. . . . the Board issued <u>new</u> rejections against all the pending claims. As such, this Court must analyze the Board's decision and the arguments of Hitachi with respect to all pending claims.

Pl's Opp'n. at 9 (emphasis in original and footnote omitted). Even though *Hyatt* and *DeSeversky* allow for an exception to waiver when there is a "reason of justice put forward for failure to present the issue to the Patent Office," *supra*, the above argument is not persuasive because the Board entered no new ground, *see* Argument Section B. Accordingly, this additional attempt by plaintiff to broaden this case from what it had properly preserved below should also be rejected by this Court.

**C.  The USPTO Board Of Patent Appeals And Interferences Properly Cited Substantial Evidence Showing The Unpatentability Of Hitachi's Invention**.

A review of the record in this case amply supports the Board's conclusion that plaintiff's

14

claim 1 was not patentable for obviousness.  None of plaintiff's arguments made in its opposition to defendant's motion for summary judgment or its own motion for summary judgment alter this conclusion.

Plaintiff argues that the USPTO erroneously applied prior art reference teachings in the final decision.  Pl's Opp'n at 3-5.  In particular, plaintiff asserts that because the figures in Johnson, Langworthy and Ambrosio are not dimensioned figures, the Board's findings that these references disclose a saw-motor offset from the blade to permit 45° descension of the blade are not now supported by substantial evidence.  However, the Board's findings (Ex. 2 at 16-19) were not merely based upon the *figures* contained in the patents.  Rather, the Board's findings that Johnson, Langworthy and Ambrosio teach offsetting the motor from the saw to permit greater angles of cutting are supported by substantial evidence *found in* those references.  Specifically, Johnson expressly discloses "±45° capability of the cutting member positioning mechanism 17."  Ex. 5 at col. 5, lines 13-15, col. 7, lines 9-12.  Langworthy states:

> By the utilization of my invention many different styles of incisions or cuts, *with the instrument at various angles*, may be made, and the saw manipulated to penetrate to unusual depths.

Ex. 6 at 1, lines 26-30 (emphasis added).  Langworthy also discloses:

> *The arm may readily be manipulated to attain cuts at various angles* and depths for cranial and other cuts, and the laterally disposed saw affords an instrument which may be manipulated with facility and accuracy in the operations.

Ex. 6 at 2, lines 69-74 (emphasis added).  Finally, Ambrosio discloses "a tilting table saw having new and improved means for *varying the angular position of the saw blade* relative to the work-supportable table."  Ex. 7 at col. 1, lines 8-11 (emphasis added).

15

Contrary to Hitachi's assertions, the above cited language supports the following several findings expressly made by the Board on what these references disclose:

> Johnson discloses "'±45° capability of the cutting member positioning mechanism 17' (Johnson, col. 5, l. 13-15; col. 7, l. 9-12)." Ex. 2 at 16;
>
> Persons having ordinary skill in the art would have understood from Johnson's teaching that the sizes and configuration of his composite driving motor 41, drive train 43, and cutting member 19 impart ±45° capability to the cutting member. Ex. 2 at 17;
>
> Persons having ordinary skill in the art would have understood that a surgeon utilizing Langworthy's surgical saw would not have wanted to turn the living workpiece to make angular cuts to both sides of zero-tilt. Ex. 2 at 17;
>
> Langworthy states that "the saw 3 is of the disk type, of which various sizes may be used to adapt it to different conditions" (Langworthy, p. 1, l. 71-76). Ex. 2 at 18;
>
> Langworthy's Figures 2 and 3 show the motor shaft is parallel to the saw shaft. Ex. 2 at 18;
>
> Langworthy's Figures 2 and 3 show the motor shaft is shifted from the saw shaft by a distance greater than the radius of the saw blade. Ex. 2 at 18;
>
> Langworthy's saw may be tilted in either direction by an angle greater than or equal to 45 degrees. Ex. 2 at 19;
>
> Langworthy discloses (p. 2, l. 69-74) The arm may readily be manipulated to attain cuts at various angles and depths for cranial and other cuts, and the laterally disposed saw affords an instrument which may be manipulated with facility and accuracy in the operations.' Ex. 2 at 19;
>
> Ambrosio discloses that the motor shaft is parallel to the saw shaft. Ex. 2 at 19;
>
> Ambrosio discloses that the motor shaft is shifted from the saw shaft by a distance greater than the radius of the saw blade. Ex. 2 at 19-20;

>   Ambrosio's saw may be tilted in either direction by an angle greater
>   than or equal to 45 degrees.  Ex. 2 at 20.

In view of the above findings made by the Board, often without the use of reference figure numbers, plaintiff's argument to the contrary is not supported.  The Board made many findings concerning the references and the offset of the motor from the blade to permit 45° descension of the blade.  Some of them concerned figures and what the figures fairly disclose, *see* Defendant's Memorandum in Support of His Motion for Summary Judgment ("Def.'s Mem.") at 21-25, but many of the Board's findings supporting its obviousness determination concern textual teachings in the references apart from figures. "It is well settled that a prior art reference is relevant for all that it teaches to those of ordinary skill in the art." *In re Fritch*, 972 F.2d 1260, 1264 (Fed. Cir. 1992).  *Accord In re Young*, 927 F.2d 588, 591 (Fed. Cir. 1991) ("Patents are . . . relevant for all they contain.").  Simply put, plaintiff has only argued a small set of the Board's findings and, even as to that small set, the Board's findings are supported by substantial evidence because the findings carefully track the references' figures, when applicable. And, significantly, at the time of requesting reconsideration to the Board, plaintiff could have made this argument to the Board, but did not.  See Ex. 8.  Thus, similar to submitting new declarations (above section B) and urging application claims separately to this Court (above section C), plaintiff's argument on non-dimensioned prior art reference figures is also newly created for purposes of this Court's review and should not be considered.

**D.    Plaintiff's Motion for Summary Judgment Should Be Denied.**

    **1.    Plaintiff's Summary Judgment Motion Is Largely, If Not Wholly Based on Its Improperly Submitted Declarations.**

Plaintiff's offered-declarations form the nucleus of its summary judgment motion.

Specifically, plaintiff's summary judgment supporting memorandum discusses the declarations on pages 1-26 (of 27 total, with page 27 being the conclusion page). *See, e.g.*, Plaintiff's Memorandum in Support of Its Motion for Summary Judgment ("Pl.'s Mem.") at 3-5 (plaintiff's whole facts section based on the declarations); *id.* at 8-15 (relying on the declarations); *id.* at 23-26 (attempting to employ "objective evidence" from the declarations). Similarly, plaintiff's statement of facts discusses the late declarations on pages 3-13 (of 13 total). Thus, plaintiff's summary judgment motion is largely, if not wholly, premised on the assumption that its offered-declarations are admissible.

However, for all of the reasons discussed *supra* at 3-14, these declarations are not properly before the Court and should be excluded. If that threshold question is decided in defendant's favor, it appears that the Court's decision on the matter will likely moot plaintiff's pending summary judgment motion, thereby requiring a renewal of its motion with proper modification.

### 2. Absent the Declarations, Plaintiff's Motion for Summary Judgment is Meritless.

Defendant respectfully submits that the admissibility question, discussed herein, is a threshold matter which dictates whether plaintiff's summary judgment motion has any weight remaining thereto. Judicial economy suggests that only after the admissibility question is properly decided, should this Court address the propriety of plaintiff's motion, in its current form. Because plaintiff's declarations are inadmissible, its corresponding summary judgment motion should be denied. Alternatively, the Court could hold the motion in abeyance pending the outcome on the admissibility of the declarations. *See, e.g.*, *In re Grams*, 888 F.2d 835, 841 (Fed. Cir. 1989) (not reaching a second matter in view of the Court's decision on the primary

issue).

However, the declarations aside, plaintiff has failed to demonstrate its entitlement to summary judgment. As discussed above, *supra* at 14-16 and in defendant's motion for summary judgment, the Board did not misinterpret the prior art references. Nor did the Board ignore the perspective of one with ordinary skill in the art. "A 'person of ordinary skill in the art' is a 'hypothetical person who is presumed to know the relevant prior art." *Markman*, 987 F. Supp. at 36 (quoting *In re GPAC, Inc.*, 57 F.3d 1573, 1579 (Fed. Cir. 1995)). Here, the Board applied the correct definition and, having the expertise in the field, its conclusions should be afforded deference. *Accord In re Berg*, 320 F.3d 1310, 1315 (Fed. Cir. 2003) ("As persons of scientific competence in the fields in which they work, examiners and administrative patent judges on the Board are responsible for making findings, informed by their scientific knowledge, as to the meaning of prior art references to persons of ordinary skill in the art and the motivation those references would provide to such persons"). Plaintiffs simply cannot point to any evidence that supports their accusation that the Board failed to adhere to standards applicable here. Accordingly, their claims fail and summary judgment in their favor is not warranted.

### III.  CONCLUSION

Plaintiff's new declarations could have been submitted to the USPTO and should therefore not be considered by the Court at this juncture. Also, plaintiff's argument that this Court should rule on nineteen patent application claims not addressed by the Board below because plaintiff failed to argue them separately to the Board is similarly unavailing. Contrary to plaintiff's argument, the Board properly used the Johnson, Langworthy and Ambrosio prior art references for what they disclose and the Board's findings are supported by the substantial

evidence found in these references. Finally, plaintiff's summary judgment motion should be denied because it is largely, if not wholly, premised on new inadmissible evidence, which makes the motion premature at this juncture, given the threshold question of admissibility for this Court.

Accordingly, defendant respectfully requests that this Court grant defendant's summary judgment motion and deny plaintiff's summary judgment motion.

                Respectfully submitted,

                s/ Jeffrey A. Taylor
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                s/ Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                s/ Michelle N. Johnson
                MICHELLE N. JOHNSON, D.C. BAR # 491910
                Assistant United States Attorney
                United States Attorney's Office
                Civil Division
                555 4th Street, N.W. – Room E4212
                Washington, D.C. 20530
                (202) 514-7139
                COUNSEL FOR DEFENDANT

Of Counsel:

STEPHEN WALSH
Acting Solicitor
JOSEPH G. PICCOLO
SYDNEY O. JOHNSON, JR.
Associate Solicitors
United States Patent and Trademark Office
Alexandria, Virginia